UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 03-190

JOSHUA HUBBARD                                                              PLAINTIFF

V.                              **OPINION AND ORDER**

WILBUR GROSS, et al.                                                        DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the plaintiff's Rule 54 motion to review Court costs and Rule 60 motion for relief. [DE #97] The defendants having filed a response to this motion and the time for filing a reply having expired, this matter is ripe for review.

I.   **BACKGROUND**

On September 15, 2004, a jury trial was held in this matter. The jury was unable to reach a verdict and a second trial was held on December 13, 2004. On December 14, 2004, the jury returned a verdict in the defendants' favor. Subsequently, on January 13, 2005, the defendants filed a motion for Bill of Costs requesting $8,068.30. On January 20, 2005, the Clerk filed a Taxation of Costs in the amount of $5,298.30.

In response to the Taxation of Costs in this matter, the plaintiff filed a Motion to Review Court Costs and Rule 60 Motion for Relief on January 28, 2005. The defendants filed a response to this motion arguing that the motion was untimely and that the costs were necessary for the litigation. The plaintiff did not file a reply to the response and the time for filing such reply has expired.

## II. PLAINTIFF'S RULE 54 MOTION TO REVIEW COURT COSTS AND RULE 60 MOTION FOR RELIEF

In his motion, the plaintiff argues that he should not be taxed for costs incurred for the first civil trial because the defendants did not prevail at that trial. The plaintiff further sets out several costs incurred by the defendants and argues that the costs were not necessary to the litigation and therefore should not be paid by the plaintiff. Finally, pursuant to Federal Rule of Civil Procedure 60(b), the plaintiff moves the Court for relief from that portion of the Court's Judgment assessing costs against the plaintiff.

The plaintiff cites the interests of equity as his basis for his Rule 60(b) motion. In addition the plaintiff argues that paying the defendants' costs would be unduly burdensome to the plaintiff, but would be a "non-event" for the defendants.

## III. CONCLUSION

The Court need not reach the merits of the plaintiff's argument regarding specific costs incurred by the defendant. Federal Rule of Civil Procedure 54(d)(1) states that the action of the Clerk may be reviewed by the Court if a motion is served within five (5) days after the costs are taxed by the Clerk. Fed.R.Civ.P. 54(d)(1) The plaintiff did not file his motion until eight (8) days after the Clerk filed the Taxation of Costs. Therefore, this motion is untimely.

Furthermore, the Sixth Circuit has stated that Rule 54(d) was "intended to take care of a situation where, although a litigant was the successful party, it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party." White & White, Inc. v. American Hospital Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986)(citing Lichter Foundation, Inc. v. Welch, 269 F.2d 142, 146 (6th Cir. 1959)). The Court does not believe that that is the

situation in the present case. "The risk of losing – and of being subject to the taxation of costs under Rule 54 – is a risk that a litigant undertakes when he files suit and a risk from which he should not be relieved absent the most extraordinary of circumstances." Id. The requisite extraordinary circumstances are not present in this action.

Accordingly, the Court being otherwise fully and sufficiently advised, HEREBY ORDERS, that the plaintiff's Rule 54 motion to review Court costs and Rule 60 motion for relief [DE #97] is DENIED.

This 20 day of July, 2005.

KARL S. FORESTER, SENIOR JUDGE

3